1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10  Bart Garber,

11            Plaintiff,              No. CIV S-04-0840 GEB  CMK

12       vs.

13  R. Dickenson,

14            Defendant.           ORDER AND
                                    FINDINGS & RECOMMENDATIONS
15
                              /
16

17            Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18  to 42 U.S.C. § 1983. Currently before the court is defendant's motion to dismiss plaintiff's complaint

19  on the grounds that plaintiff failed to exhaust his administrative remedies prior to filing this action.

20  (Doc. 17.) Also pending is plaintiff's August 24, 2005 request for an extension of time to complete

21  discovery. (Doc. 28.)  Plaintiff has filed an opposition to defendant's motion to dismiss.  This matter

22  is before the undersigned pursuant to Local Rule 302(c) for findings and recommendations.

23  ///

24  ///

25  ///

26  ///

1    I.      Background

2            At all times relevant to his complaint, plaintiff was incarcerated at Mule Creek State

3    Prison (Mule Creek) and Pleasant Valley State Prison (Pleasant Valley).[1]  Plaintiff states that, while

4    at Mule Creek, he underwent surgery to repair wounds on his leg, which were a result of an accident

5    that plaintiff had prior to his incarceration.  Plaintiff claims that, upon his return from the hospital to

6    Mule Creek, defendant Dickenson, a Medical Technical Assistant ( MTA), failed to follow the

7    surgeon's orders regarding dressing changes and pulled skin off of plaintiff's skin graft in August of

8    2002. (Pl.'s Am. Compl. at 3A:26-28, 3B:1-10.)  Plaintiff also relates that, when he was transferred

9    to Pleasant Valley, he was seen by a podiatrist who recommended certain shoes for him.  (Id. at

10   3B:26-28, 3C:3-9.)  Plaintiff alleges that the shoes were delivered to defendant Dickenson at Mule

11   Creek, but, in October of 2003,  she refused to give plaintiff his shoes.  (Id.)

12   II.     Discussion

13           Defendant argues that plaintiff's complaint should be dismissed because plaintiff

14   failed to exhaust his administrative remedies prior to filing suit.  By the Prision Litigation Reform

15   Act (PLRA), enacted on April 26, 1996, Congress amended 42 U.S.C. § 1997e to provide that "[n]o

16   action shall be brought with respect to prison conditions under section 1983 of this title, or any other

17   Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

18   administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

19           The exhaustion of prison administrative procedures is mandated "regardless of the

20   relief offered through [such] procedures."  Booth v. Churner, 532 U.S. 731, 741 (2001).  The United

21   States Supreme Court has cautioned that it "will not read futility or other exceptions into statutory

22   exhaustion requirements where Congress has provided otherwise."  Id. at 741 n.6 (2001).  The Court

23   has also ruled that the exhaustion requirement "applies to all inmate suits about prison life, whether

24   _____

25           [1]In his complaint, plaintiff originally named twenty-six defendants.  By order filed May
        11, 2004, the court dismissed twenty-five of the defendants, allowing plaintiff's Eighth
26      Amendment claims to go forward only against defendant Dickenson.

                                                              2

1  they involve general circumstances or particular episodes, and whether they allege excessive force

2  or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

3       In California, the state regulations that govern grievance procedures in state jails and

4  prisons provide that inmates "may appeal any departmental decision, action, condition, or policy

5  which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15,

6  § 3084.1(a).  An administrative appeal may progress from an informal review through three formal

7  levels of review. See Cal. Code Regs. tit. 15, § 3084.5.  A decision at the third formal level, which

8  is also referred to as the director's level, is not appealable and concludes a prisoner's departmental

9  administrative remedy. See  Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2).  Departmental

10  appeals coordinators may summarily deny a prisoner's untimely administrative appeal. See Cal. Code

11  Regs. tit. 15, §§ 3084.3(c)(6) and 3084.6(c).  To comply with the PLRA exhaustion requirement, a

12  state prisoner in California must file an inmate appeal on each claim concerning prison conditions

13  or events and must proceed to the highest level of  administrative review available to him before he

14  seeks judicial relief, regardless of the relief desired by the prisoner.[2]

15       The Ninth Circuit has held that the PLRA exhaustion requirement is not jurisdictional.

16  See Wyatt v. Terhune, 315 F.3d 1108, 1117 n.9 & 1119 n.13 (9th Cir. Jan. 2, 2003) (citing Rumbles

17  v. Hill, 182 F.3d 1064, 1067-68 (9th Cir. 1999)), petition for cert. filed, (U.S. Apr. 1, 2003) (No. 02-

18  1486).  The Ninth Circuit and six other circuit courts have ruled that the exhaustion requirement does

19  not impose a pleading requirement on the prisoner but creates a defense that must be raised and

20  proved by the defendants.  See Wyatt, 315 F.3d at 1117-19 (citing cases of the Second, Third,

21  Seventh, Eighth, and D.C. Circuits); see also Casanova v. Dubois, 304 F.3d 75, 77-78 (1st Cir. 2002).

22  But see Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998) (per curiam) (requiring a prisoner

23  to plead exhaustion and provide a copy, if available, of the

24

25     [2] State prisoners in California may no longer rely on the holding of Rumbles v. Hill, 182 F.3d 1064, 1069 (9th Cir. 1999), that "[e]xhaustion of administrative remedies under section 1997e(a) is not required if a prisoner's section 1983 claim seeks only monetary damages and if

26  the correctional facility's administrative grievance process does not allow for such an award."

1   administrative decision disposing of the prisoner's claims); <u>Knuckles El v. Toombs</u>, 215 F.3d 640,

2   642 (6th Cir. 2000).

3            In the instant action, the record shows that, prior to filing suit, plaintiff had filed four

4   administrative complaints[3] that proceeded to the Director's Level—the final level of review.  (Doc.

5   18, Decl. of N. Grannis, ¶ 5 and doc. 18, Ex. A.)  Two of those appeals originated from Mule Creek.

6   (Doc. 18, Decl. of N. Grannis, ¶ ¶ 6&7.)   The first appeal from Mule Creek was received at the

7   Inmate Appeals Branch (IAB) on April 15, 2002, and concerned plaintiff's allegations that he was

8   being denied proper medical treatment by an orthopedic surgeon.  (<u>Id.</u> at ¶ 6.)  This appeal was filed

9   prior to defendant's alleged failure to follow the doctor's orders for changing plaintiff's dressings in

10  August  2002 and prior to defendant's alleged refusal to give plaintiff his recommended footwear in

11  October of 2003.  (<u>Id.</u>)  The second appeal from Mule Creek was received by IAB on July 11, 2002,

12  and addressed plaintiff's foot pain and walking problems.  (<u>Id.</u> at ¶ 7.)  This appeal was also filed

13  prior to defendant's alleged violations of plaintiff's rights.

14           Plaintiff's next two appeals originated from Pleasant Valley.  (<u>Id.</u> at ¶ 8.)  His third

15  appeal alleged that plaintiff had been kept waiting too long prior to receiving treatment for his leg;

16  it did not mention his allegations against defendant.  (<u>Id.</u>)  Plaintiff's fourth appeal concerned

17  transfers and does not reference plaintiff's allegations against defendant.

18           In his opposition to defendant's motion to dismiss, plaintiff argues that he did exhaust

19  his administrative remedies.  (Doc. 21.)  Although plaintiff admits that he "never directly name[d]

20  any specific individuals in the appeal" he did specify that he "suffered extreme pain" due to

21  deliberate indifference of the staff at Mule Creek. (Doc. 21, Opp'n to Mot. to Dismiss at pg. 1-2.)

22  Plaintiff also notes that defendant Dickenson was employed by Mule Creek.

23           The undersigned finds that defendant has met her burden of showing that plaintiff

24

25          [3]Plaintiff's fifth administrative appeal was filed in August 2004, after he filed this action.
    This appeal also does not reference plaintiff's allegations against defendant. (Doc. 18, Decl. of
26  N. Grannis and doc. 18, Ex. E.)

1  failed to exhaust his administrative record prior to filing this suit.  As noted above, defendant has

2  provided evidence showing that none of plaintiff's administrative appeals specifically mentioned his

3  allegations against her.  Further, plaintiff's general allegations of pain and suffering caused by

4  employees at Mule Creek are not enough to satisfy the purposes of the PLRA's exhaustion

5  requirement allowing the Department of Corrections the first opportunity to resolve a controversy

6  before court intervention and to promote judicial efficiency by resolving the dispute outside of court

7  or by producing a factual record that can aid the court in processing a plaintiff's claim.  See

8  McCarthy v. Madigan, 503 U.S. 140, 145-46 (1992).

9  III.    Conclusion

10          Based on the foregoing, IT IS ORDERED THAT plaintiff's request for an extension

11  of time to complete discovery (doc. 18) be DENIED without prejudice to renewal at a later date.

12          IT IS RECOMMENDED THAT plaintiff's complaint be dismissed without prejudice

13  for failure to exhaust his administrative remedies under the PLRA prior to filing suit.

14          These findings and recommendations are submitted to the United States District

15   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after

16  being served with these findings and recommendations, plaintiff may file written objections with the

17  court.  The document should be captioned "Objections to Magistrate Judge's Findings and

18  Recommendations."  Plaintiff is advised that failure to file objections within the specified

19  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th

20  Cir. 1991).

21

22  DATED:  August 29, 2005.

23

24                                                      _____
                                                        **CRAIG M. KELLISON**
25                                                      UNITED STATES MAGISTRATE JUDGE

26